IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN BOULB,

      Plaintiff,

v.                                                                     Case No. 22-cv-1739-NJR

TODD REITZ and IDOC,

      Defendants.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Brian Boulb, an inmate of the Federal Bureau of Prisons ("BOP") who is currently incarcerated at United States Penitentiary Marion, Illinois ("USP – Marion"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Boulb alleges Todd Reitz wrongfully incarcerated him.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

In his Complaint, Boulb makes the following allegations:  At some unknown time and date, Boulb woke up in the Richland County Jail under the influence of drugs. He

was taken to the courthouse and spoke with the state's attorney who asked if Boulb would take a plea deal, which would result in a four-year sentence (Doc. 1, p. 4). Boulb asserts he did not know what the charges were against him, and he thought the attorney was his assigned counsel. He did not know that he was speaking with the state's attorney (*Id*.). Boulb went before the judge and accepted the plea deal. At some point during the proceedings, Boulb learned that the attorney was not representing him (*Id*. at p. 5). Boulb was later sent to Illinois Department of Corrections ("IDOC"), but it is unclear how long he was in IDOC custody. Boulb notes that his conviction was overturned in 2016 (*Id*.).

## Discussion

Simply put, Boulb fails to state a claim. It is not clear what claim he seeks to allege as he only states that every constitutional right was violated (Doc. 1, p. 5). He does note that the case against him was overturned in 2016, and he wishes to bring a claim for wrongful incarceration (*Id*. at p. 6).[1] To the extent Boulb seeks to bring any claims against the state's attorney or IDOC, such claims are barred. His Complaint may not proceed against IDOC because a state entity or individual acting in an official capacity on behalf of the State is immune from suit. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages).[2] Further, Boulb cannot pursue a

---

[1] Court records from Boulb's criminal case show that his conviction was vacated and dismissed by the trial court on September 15, 2017. *See* Judici, Richland County, Illinois, https://www.judici.com/courts/cases/case_dispositions.jsp?court=IL080015J&ocl=IL080015J,2008CF149,IL080015JL2008CF149D1 (last visited May 25, 2023).

[2] Boulb also fails to allege that IDOC or any official working for IDOC violated his constitutional rights.

claim against the prosecuting attorney, Todd Reitz. "[T]he prosecutor is immune from a civil suit for damages under [Section] 1983" for prosecuting and presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). *See also Buckley v. Fitzsimmons*, 20 F.3d 789, 795 (7th Cir. 1994) (prosecutors are absolutely immune for actions as advocates even if they "present unreliable or wholly fictitious proofs"); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986) (absolute immunity shields prosecutor "even if he initiates charges maliciously, unreasonably, without probably cause, or even on the basis of false testimony or evidence."). Thus, both Todd Reitz and IDOC are **DISMISSED with prejudice**.

Further, it appears that any potential claim related to his previous criminal proceedings would be barred by the statute of limitations. Although not entirely clear from the pleadings when the criminal proceedings took place, Boulb notes that his conviction was overturned in 2016 and vacated with prejudice. Court records indicate that the case was dismissed in 2017. Even considering the later dismissal date, any claim related to those proceedings would be barred by the two-year statute of limitations in Section 1983 cases. *See Julien v. Hanna*, 732 F.3d 842, 845 (7th Cir. 2013) ("claim does not accrue until the criminal proceeding that gave rise to it ends in the claimant's favor"); *Kalimara v. Ill. Dep't of Corrs.*, 879 F.2d 276, 277 (7th Cir. 1989); *Woods v. Illinois Dep't of Children and Family Svcs.*, 710 F.3d 762, 765-766 (7th Cir. 2013); 735 ILCS § 5/13-202. A court may *sua sponte* dismiss a case at Section 1915A review if the applicability of the statute of limitations is clear from the face of the Complaint. *Dickens v. Illinois*, 753 F. App'x 390 (7th Cir. 2018) (a court may dismiss a complaint upon screening if it is clearly

barred by the statute of limitations). Because the conviction was overturned in 2017, any potential claim stemming from those proceedings has long since expired.

### Disposition

For the reasons stated above, Boulb's Complaint is **DISMISSED with prejudice**. This dismissal shall count as a "strike" for purposes of 28 U.S.C. 1915(g).

If Boulb wishes to appeal this Order, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. 4(a)(1)(A). If Boulb does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999). He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  May 25, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**